UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH CLARENCE DYLAN SUSTACHA,

Plaintiff,

v.

ELKO COUNTY COURT HOUSE, *et al.*,

Defendants.

Case No. 3:18-cv-00602-MMD-WGC

ORDER

Plaintiff Joseph Clarence Dylan Sustacha alleges violations of his constitutional rights under 42 U.S.C. § 1983 against various defendants arising from his pretrial detention at the Elko County Jail. On February 21, 2019, U.S. Magistrate Judge William G. Cobb issued an order dismissing the complaint in its entirety with leave to amend and directed Plaintiff to file an amended complaint within 30 days from the date of entry of that order. (ECF No. 4 at 9-10.) Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. As further explained below, the Court will therefore dismiss this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone*

*v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation, and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring the disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Cobb's order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed." (ECF No. 4 at 10.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with Judge Cobb's order to file an amended complaint.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with Judge Cobb's February 21, 2019, order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 9th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE